IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03120-LTB

JAMES J. GARNER,

    Plaintiff,

v.

UNKNOWN SHERIFF,
DEPUTY MARSHAL,
(4) UNKNOWN DEPUTIES,
UNKNOWN MEDICAL STAFF MEMBERS, and
UNKNOWN WATCH COMMANDER,

    Defendants.

## ORDER

    Plaintiff, James J. Garner, was incarcerated at the Jefferson County Detention Facility in Golden, Colorado, when, acting *pro se*, he initiated this action by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and a Prisoner Complaint (ECF No. 1). The Court reviewed the documents, and determined they were deficient. Therefore, on November 30, 2012, Magistrate Judge Boyd N. Boland directed Mr. Garner to cure certain deficiencies in the case within thirty days if he wished to pursue his claims (ECF No. 4).

    The November 30 order pointed out that Mr. Garner failed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. Subsection (a)(2) of 28 U.S.C. § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding

the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." The November 30 order and the Court-approved form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement. The November 30 order also pointed out that Mr. Garner failed to submit the § 1915 motion and affidavit on the most current Court-approved form and that the names in the caption to the submitted § 1915 motion and affidavit did not match the names in the caption to the complaint. The November 30 order warned Mr. Garner that, if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

On December 10, 2012, the copy of the November 30 cure order mailed to Mr. Garner was returned to the Court as undeliverable. Local Rule 10.1M. of the Local Rules of Practice for this Court requires the filing of a notice of change of address within five days after any change of address. Mr. Garner has failed to submit such a notice.

Because Plaintiff failed within the time allowed to cure the deficiencies designated in the November 30 order, provide the Court with a current address, or otherwise to communicate with the Court in any way, the complaint and the action were be dismissed without prejudice on January 7, 2013 (ECF No. 6). That Order also was returned to the Court as undeliverable (ECF No. 8).

Now, over eighteen months later, Plaintiff has filed a Motion and Affidavit for Leave to Proceed Under 28 U.S.C. 1915 (ECF No. 10) and a Motion to Show Cause (ECF No. 11).

It was Plaintiff's duty to inform the Court of any and all changes to his address. His failure to have done so resulted in his inability to have received the Court Orders in

this action. This Court will not accept any additional filings in this case as it was closed over eighteen months ago and no appeal was filed therefrom. If Plaintiff wishes to pursue his claims, he must file a new action in this Court on the proper forms. Accordingly, it is

**ORDERED** that the Motion and Affidavit for Leave to Proceed Under 28 U.S.C. 1915 (ECF No. 10) and the Motion to Show Cause (ECF No. 11) are **DISMISSED**.

DATED at Denver, Colorado, this 28th day of July, 2015.

BY THE COURT:


/s Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court